NELLIE KRIVOSHEYEV, ESQ.  BAR NO. 2002-00553
2050 Center Avenue, Suite 318
Fort Lee, New Jersey 07024
Tel: (201) 944-4020
Fax: (201) 944-4029
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------X
DOMINGO ZAFRA,

        Plaintiff,                         Civil Action No.:

vs.

                                        **COMPLAINT**

SAZZOD HOSSAIN, LUXURY ONE CORP,
PARK INSURANCE COMPANY, &
NEW JERSEY PROPERTY LIABILITY
INSURANCE GUARANTY ASSOCIATION,

        Defendants.
------------------------------------------------X

Domingo Zafra, by his attorneys, Nellie Krivosheyev, P.C., respectfully alleges as follows:

**THE PARTIES**

1.      The Plaintiff, DOMINGO ZAFRA, is an individual resident of the County of Hudson and State of New Jersey, maintaining his residence at 3607 Kennedy Boulevard, Apt. 1, Jersey City, New Jersey.

2.      At all times herein mentioned, and upon information and belief, the Defendant, SAZZOD HOSSAIN, is an individual resident of the Borough of Queens and State of New York,

maintaining his residence at 13938 87th Road, Floor 2, Jamaica, New York.

3. At all times herein mentioned, and upon information and belief, Defendant LUXURY ONE CORP., was and is a business corporation incorporated under the laws of the State of New York having a principal place of business at 528 W. 39th Street, New York, New York. LUXURY ONE CORP., was and is a citizen of the State of New York pursuant to 28 U.S.C. Section 1332( C ) (1).

4. At all times herein mentioned, and upon information and belief, the Defendant PARK INSURANCE COMPANY, was and is a business corporation incorporated under the laws of the State of New York, having a principal place of business at 475 Park Avenue South, 23rd Floor, New York , New York.  PARK INSURANCE COMPANY was and is a citizen of the State of New York pursuant to 28 U.S.C. Section 1332 ( C ) (1).

5. Upon information and belief, Defendant New Jersey Property Liability Insurance Guaranty Association (hereinafter "NJPLIGA") was and continues to be responsible for carrying out the provisions of the "Unsatisfied Claim and Judgment Fund Law" (N.J.S.A. 39:6-61).

## JURISDICTION AND VENUE

6. The Jurisdiction of this Court is invoked over the Defendant SAZZOD HOSSAIN by reason of the fact that the Defendant SAZZOD HOSSAIN operated a motor vehicle for hire within the physical jurisdiction of this Court and the within cause of action herein arises out of that operation.

7. The Jurisdiction of this Court is invoked over the Defendant LUXURY ONE CORP., by

reason of the fact that they permitted the operation of their vehicle without proper training, without proper supervision, without proper monitoring, failed to maintain proper insurance, failed to properly maintain the vehicle, and the within cause of action arises out of such failures.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332(a) as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of Seventy Five Thousand Dollars ($75,000.00).

9. Venue properly lies in this judicial district pursuant to 28 U.S.C. Section 1391 (b)(2) as a substantial part of the events giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about April 18, 2017, at or about 9:37 PM, the Plaintiff DOMINGO ZAFRA was a pedestrian lawfully crossing the public roadway of North Street at or near its intersection with Webster Avenue, in the City of Jersey City, County of Hudson, and State of New Jersey.

11. On or about April 18, 2017, the Defendant LUXURY ONE CORP., was the owner of a 2016 Hyundai four door sedan, bearing Vehicle Identification Number 5NPDH4AE3GH705268. Defendant LUXURY ONE CORP., is an active New York corporation and operates a taxicab, livery service, and/or rents vehicles for purposes of having their vehicles to be utilized as taxi cabs, livery service for a fee.

12. On or about April 18, 2017, at or about 9:37 PM, the Defendant SAZZOD HOSSAIN was operating the aforementioned 2016 Hyundai, four door sedan, bearing Vehicle Identification Number 5NPPPDH4AE3GH705268, on Webster Avenue, at or about its intersection with North Street, in the City of Jersey City, County of Hudson, and State of New Jersey, and while making

a left turn struck the Plaintiff who was a pedestrian lawfully crossing the street. As a result of this accident Plaintiff sustained serious personal injuries.

13. On or about April 18, 2017, at or about 9:37 PM, the vehicle aforementioned vehicle owned by Defendant LUXURY ONE CORP., and operated by Defendant SAZZOD HOSSAIN was insured with Defendant PARK INSURANCE COMPANY under Policy Number O2PICAU2403-16.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS LUXURY ONE COPR., AND SAZZOD HOSSAIN

14. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "13" of this Complaint with the same force and effect as if fully set forth at length herein.

15. At the above stated time and place, and as a direct result of the inattentiveness, negligence and carelessness of the Defendants in the manner in which they owned, operated, permitted the operation, failed to properly train, failed to properly monitor, failed to maintain proper insurance, failed to properly maintain the vehicle, and failed to properly operate their vehicle, the Plaintiff was struck by the said vehicle.

16. As a direct and proximate cause of the above referred collision, the Plaintiff was caused to suffer injuries to his neck, back, body and limbs; he was caused to and in the future will be caused to suffer great pain; he was caused to incur, and in the future will be caused to incur

medical expenses; he was and will be in the future incapacitated from his normal activities; he was caused to suffer permanent injury; and he was and in the future will be caused to lose time from his employment all as a direct and proximate result of the inattentiveness, negligence, carelessness, and recklessness of the Defendant's conduct as aforesaid.

17. Based upon the foregoing Plaintiff is entitled to a judgment against the Defendants for proximately causing Plaintiff serious, protracted and disabling injuries.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT PARK INSURANCE COMPANY

18. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if fully set forth at length herein.

19. Upon information and belief, at the time of the subject accident, PARK INSURANCE COMPANY had issued a contract of insurance to Defendants SAZZOD HOSSAIN and LUXURY ONE CORP. under Policy Number O2PICAU2403-16.

20. Upon information and belief, the insurance policy issued to Defendants SAZZOD HOSSAIN and LUXURY ONE CORP. is deemed to have provided personal injury protection coverage pursuant to N.J.S.A. 17:28-1.4.

21. At the time of the subject accident the Plaintiff DOMINGO ZAFRA was a New Jersey resident who was not required to maintain personal injury protection coverage and who is not

otherwise eligible for such benefits. PARK INSURANCE COMPANY is required to provide personal injury protection benefits to the Plaintiff DOMINGO ZAFRA to the extent all conditions and requirements have been met thereto.

22. Pursuant to the foregoing, Defendant PARK INSURANCE COMPANY is a necessary party to this action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST NJPLIGA

23. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth at length herein.

24. Upon information and belief, pursuant to N.J.S.A. 39:6-86.1, any person qualified to receive payments under the "Unsatisfied Claim and Judgment Law" was granted the right to recover personal injury protection coverage from the Unsatisfied Claim and Judgment Fund to replace the personal injury benefits that would have been provided by a private insurance carrier under N.J.S.A. 39:6A-1, et. seq., where no such private insurance protection was in effect with respect to the automobile accident they were injured in.

25. The Plaintiff, DOMINGO ZAFRA duly asserted a claim for Personal Injury Protection benefits with NJPLIGA and NJPLIGA failed to honor such claim.

26. In the event Defendant PARK INSURANCE COMPANY is held not to have been required to provide Personal Injury Protection benefits to Plaintiff in accordance with N.J.S.A. 17:28-1.4. As such, NJPLIGA is obligated to provide personal injury protection benefits to Plaintiff

DOMINGO ZAFRA for injuries arising out of the subject accident that occurred on April 18, 2017, to the extent all conditions and requirements have been met thereto.

27. Pursuant to the foregoing Defendant NJPLIGA is a necessary party to this action pursuant to Fed. R. Civ. P. 19(1)(B)(ii).

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST NJPLIGA

28. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth at length herein.

29. As a direct and proximate result of the complained of occurrence, as aforesaid, Plaintiff, was caused to sustain, and did sustain, serious, protracted, and disabling injuries which are permanent and which such personal injuries have and will require the care and treatment of physicians, hospitalization and medication and the Plaintiff has been hampered in his daily routine and has otherwise sustained damages.

30. The Defendant NJ PLIGA is statutorily obligated to provide to the Plaintiffs Uninsured Motorist (UM) benefits pursuant to N.J.S.A. 39:6-65.

31. Plaintiff has duly asserted a claim for Uninsured Motorist (UM) benefits to the Defendant, New Jersey Property-Liability Insurance Guaranty Association (NJPLIGA) pursuant to N.J.S.A. 39:6-65.

32. Plaintiff has satisfied all the statutory requirements of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq..

33. Defendant, New Jersey Property-Liability Insurance Guaranty Association (NJPLIGA), has failed to honor said claims for Uninsured Motorist (UM) benefits for bodily injury protection, submitted by Plaintiffs without just cause.

34. Pursuant to the foregoing Defendant NJPLIGA is a necessary Defendant in this action.

**WHEREFORE**, Plaintiff, DOMINGO ZAFRA, requests judgment against Defendants SAZZOD HOSSAIN, LUXURY ONE CORP., PARK INSURANCE COMPANY and NJPLIGA, declaring as follows:

A) Defendant SAZZOD HOSSAIN is held liable for proximately causing the Plaintiff, DOMINGO ZAFRA personal injuries resulting from the Defendant's negligence in his operation and maintenance of the vehicle operated at the time of the subject accident.

B) Defendant LUXURY ONE CORP., be held liable for proximately causing the Plaintiff DOMINOG ZAFRA personal injuries resulting from the Defendant's negligence in the manner in which they trained, monitored, maintained the motor vehicle, failed to maintain proper insurance, at the time of the subject accident.

C) Defendant PARK INSURNACE COMPANY be held liable for the payment of Plaintiff's personal injury protection benefits incurred by Plaintiff for treatment rendered following the subject accident.

D) Defendant NJPLIGA be held liable for the payment of Plaintiff's personal injury protection benefits incurred by Plaintiff for treatment necessitated following the subject accident.

E) Defendant NJPLIGA be held liable for the payment of Plaintiff's Uninsured Motorists benefits pursuant to N.J.S.A. 39:6-65 and N.J.S.A. 39:6-6.

F) Such other and further relief this Court Deems just and property.

Dated: April 15, 2019

NELLIE KRIVOSHEYEV, P.C.

_____
Nellie Krivosheyev, Esq.